IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,550-01






EX PARTE JETHREL ROUNDTREE, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1107025 IN THE 184TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to eighty years' imprisonment. The Fourteenth Court of Appeals
affirmed his conviction. Roundtree v. State, No. 14-07-00876-CR (Tex. App.-Houston [14th Dist.]
Feb. 19, 2009, pet. ref'd). 

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he failed to prevent the State from eliciting extraneous misconduct evidence from James
Graham. 

 On November 10, 2010, we remanded this application and directed the trial judge to make
findings of fact and conclusions of law after obtaining a response from trial counsel. On remand, trial
counsel filed a sworn affidavit in response to Applicant's claim, and the trial judge made findings
of fact and concluded that Applicant had not established that trial counsel's performance was
deficient and that Applicant was prejudiced. 

 In a supplement filed with this Court, the trial judge, the Honorable Jan Krocker, noted that
on February 7, 2011, when she adopted the State's proposed findings of fact and conclusions of law,
she was unaware that Applicant had filed a motion to recuse. On February 22, the trial judge declined
to recuse herself and referred the matter to the Honorable Olen Underwood, the Presiding Judge of
the Second Administrative Judicial Region. Tex. R. Civ. P. 18a. On March 28, we received a copy
of Judge Underwood's order denying Applicant's motion to recuse. 

 On April 6, we remanded this application again, and, given that a motion to recuse was
pending when the trial judge made her previous findings and conclusions, we directed her to make
new findings and conclusions. 

 On August 8, we received the trial judge's supplemental findings and conclusions. (1) She
found that the State had opened the door to Graham's testimony and that trial counsel objected that
his testimony was inadmissible. She concluded that trial counsel's performance was not deficient
and that Applicant was not prejudiced. She recommended that we deny relief.

 We believe that the trial judge should make further findings and conclusions. On direct
appeal, Applicant claimed that the trial court erred in concluding that he opened the door to
Graham's testimony. The Fourteenth Court of Appeals affirmed the judgment of conviction,
concluding that trial counsel had failed to properly object. In her findings and conclusions, the trial
judge found that the State had opened the door to Graham's testimony. Despite this finding and the
Fourteenth Court of Appeals's conclusion, the trial judge concluded that trial counsel's performance
was not deficient. We believe that the trial judge should set our her reasons for this conclusion. We
also believe, as we stated in our previous remand order, that she should set out her reasons for her
determination as to whether Applicant was prejudiced. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial judge
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial judge elects to hold a hearing, she shall determine whether Applicant is indigent.
If Applicant is indigent and wishes to be represented by counsel, the trial judge shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial judge shall make further findings of fact and conclusions of law as to whether trial
counsel's performance was deficient and whether his deficient performance prejudiced Applicant.
The trial judge shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 14, 2011

Do not publish

1. These findings and conclusions are identical to the previous ones. The only difference is
the heading and the fact that the trial judge signed them on August 3.